UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVIE L. JONES, JR.,

     Plaintiff,                               Case No. 1:14-cv-391

v                                        HON. JANET T. NEFF

ELISIA HARDIMAN, et al.,

     Defendants.

_____/


**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 arising from Plaintiff's retaliation claims. Defendant filed a Motion to Dismiss and Motion for Summary Judgment (Dkt 21), requesting the Court dismiss the action for failure to state a claim and/or grant Defendants summary judgment based on the doctrine of qualified immunity (Dkt 22 at 12). Plaintiff responded by filing a motion seeking summary judgment in his favor (Dkt 23). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that Defendants' motion be granted and Plaintiff's motion be denied and this action dismissed (Dkt 28). The matter is presently before the Court on Plaintiff's objections (Dkt 32). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

## I.  Retaliation Claims

### A.  Defendant Simmons

Plaintiff alleges that Defendant Simmons denied certain prison grievances for improper retaliatory reasons.  The Magistrate Judge recommends that Defendant Simmons' motion to dismiss be granted and Plaintiff's motion for summary judgment be denied, reasoning that "denial of a prison grievance . . . does not constitute adverse action sufficient to deter a person of ordinary firmness from continuing to engage in protected conduct" (R&R, Dkt 28 at 10).

Plaintiff does not reference Defendant Simmons in his objections, and only tangentially mentions Defendant Simmons in the affidavit attached to his objections (Dkt 32-1, Aff. ¶ 18, attesting that "Defendant Davis promised the next transfer would not be cancelled because [Defendant Davis] was working on behalf of himself and Defendant[] . . . Simmons").  Hence, Plaintiff's objection wholly fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion regarding the dismissal of Defendant Simmons.  The objection is therefore properly denied.

### B.  Defendant Jefferson

Plaintiff alleges that Defendant Jefferson transferred Plaintiff to another housing unit in retaliation for filing various grievances and complaints.  The Magistrate Judge recommends that Defendant Jefferson's motion to dismiss be granted and Plaintiff's motion for summary judgment be denied for Plaintiff's failure to "demonstrate that Plaintiff suffered an adverse action sufficient to state a claim for retaliation" (R&R, Dkt 28 at 11).

Again, Plaintiff does not reference Defendant Jefferson in his objections, and only tangentially mentions Defendant Jefferson in the affidavit attached to his objections (Dkt 32-1, Aff.

¶ 18, attesting that Defendant Davis "was working on behalf of himself and Defendant[] …

Jefferson").  This objection therefore also wholly fails to demonstrate any factual or legal error in

the Magistrate Judge's analysis or conclusion regarding Defendant Jefferson and is properly denied.

### C.  Defendant Davis

Plaintiff alleges that Defendant Davis threatened to transfer Plaintiff if Plaintiff continued

"grieving and complaining."  The Magistrate Judge determined that Plaintiff failed to allege that he

"suffered an adverse action sufficient to state a claim for retaliation" or that "he experienced . . . any

impairment of or prejudice to his ability to access the courts;" therefore, the Magistrate Judge

recommends that Defendant Davis' motion to dismiss be granted and Plaintiff's motion for summary

judgment be denied (R&R, Dkt 28 at 11, citing *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th

Cir. 2011) (transfer of inmate to another prison absent foreseeable consequences to the transfer

that would inhibit the prisoner's ability to access the courts is not adverse action).

Plaintiff objects to the Magistrate Judge's recommendation regarding Defendant Davis.

Plaintiff argues that Defendant "Davis' threats and the eventual transfer were adverse actions taken

against [him]" (Objs., Dkt 32 at 4-5).  Additionally, Plaintiff attests that "because of Defendant

Davis' threats of a transfer ... [Plaintiff] fell into a deeper state of depression with [sic] caused

isolation, weight-loss, and uncharacteristic anti-sociable behavior" (Dkt 32-1, Aff. ¶ 19).  Plaintiff's

objections merely reiterate the arguments he presented in his motion papers, without specifically

addressing, let alone demonstrating error in, the Magistrate Judge's analysis. *See* W.D. Mich. LCivR

72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed finding,

recommendations or report to which objections are made and the basis for such objections").

Therefore, Plaintiff's objection is properly denied.

### D. Defendant Hardiman

Plaintiff alleges that Defendant Hardiman improperly denied Plaintiff's requests for photocopies, which Plaintiff asserts he needed to submit in support of a legal action he was pursuing. The Magistrate Judge recommends that Defendant Hardiman's motion to dismiss and for summary judgment be granted and Plaintiff's motion for summary judgment be denied (R&R, Dkt 28 at 12). The Magistrate Judge determined that Defendant Hardiman's "actions do not constitute adverse action and . . . the evidence reveals that Defendant took the action in question for reasons unrelated to any protected conduct in which Plaintiff may have been engaged" (*id.* at 11). Specifically, the Magistrate Judge pointed out that Plaintiff's exhibit revealed that Hardiman refused Plaintiff's request for copies because Plaintiff failed to comply with the department's requirement that he "present documentation (e.g., court rule, copy of the pleading) to show that requested copies are necessary," and that there was no evidence presented to the contrary (*id.* at 12).

In his objections, Plaintiff argues that Defendant Hardiman "took adverse acts against him in retaliation … [e]ach time [she] denied legal photocopy loan[s], threatened to write a misconduct report, and verbally and physically attacked [P]laintiff" (Objs., Dkt 32 at 3). Furthermore, Plaintiff asserts that Defendant Hardiman "exclaimed motivation for [her] adverse action in front of everyone in [the] library" (*id.*). Again, Plaintiff's objections merely reiterate the arguments he presented in his motion papers, without specifically addressing, let alone demonstrating error in, the Magistrate Judge's analysis. As a result, Plaintiff's objection is properly denied.

## II. Qualified Immunity

Last, although the Magistrate Judge did not address Defendants' qualified immunity argument, Plaintiff asserts that "neither Hardiman or Davis should be entitled to qualified immunity

as a matter of law" because they "knew or should have known that Plaintiff should not be harassed or penalized for actually exercising his First Amendment rights" (Objs., Dkt 32 at 5). Because the Magistrate Judge did not recommend granting Defendants summary judgment based on qualified immunity, this "objection" to the Report and Recommendation is misplaced.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 32) are DENIED, and the Report and Recommendation of the Magistrate Judge (Dkt 28) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss and Motion for Summary Judgment (Dkt 21) is GRANTED for the reasons state in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt 23) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.


Dated: March__8_, 2016                               /s/ Janet T. Neff
                                                     JANET T. NEFF
                                                     United States District Judge